*Layton,* for the defendant below.

———»»)⊛☺☺⊗(«««——

## DAWSON DULANY, negro, by next friend, *vs.* ELIZA GREEN.

A deed of manumission executed by an insolvent man, without any consideration, and with intent to defraud creditors, is void,

A deed executed by a man when so much intoxicated as not to understand what he is about, is void; at least, as to third persons.

PETITION for freedom.

The petition stated that Jesse Green, jr., being the owner of petitioner and his mother, Clansey, as slaves for life, and being about to leave the State, on the 9th of July, 1833, executed his deed of manumission in due form, by which he proceeded to manumit and dispose of said slaves as follows: "Now therefore, know all persons, that for and in consideration of her the said negro's good conduct and behavior towards me, I do hereby discharge her the said Clansey, negro, from me and all persons claiming by, through, or under me after I shall leave this State, to be free, and to enjoy all the privileges of other free negroes, according to the laws of this State in like cases, and that the said Clansey is to have the said Dawson, her son, until such time as I shall call for him, and to be delivered to no other person or persons, neither to be the property of any other person or persons except I myself, in person; and if I should not receive the said boy, for him to be free as his mother aforesaid, according to the laws of this State;" which deed of manumission was signed, sealed and acknowledged by the said Jesse Green, jr., before a jus-

tice of the peace for Sussex county, and was afterwards on the 2d of July, 1834, recorded in the recorder's office at Georgetown. That Jesse Green, jr., in 1833, or 1834, left the State, and after an absence of four or five years, returned again, but did not demand the said Dawson, or claim to exercise any ownership over him; and after spending several months in this State, the said Jesse left the State again, and died out of the State. Petitioner has since been claimed by Eliza, Green, the widow of Jesse Green, jr., and she still claims him.

The defence was that the manumission was not valid; that it was made in a drunken fit, and to defraud creditors; that the negroes were sold at sheriff's sale as Jesse Green's property, and bought by defendant. The depositions proved that Jesse Green, jr., bought Clansey and her son the petitioner, in 1831, at public sale, as slaves for life, for $201; that he became very dissipated and reckless; parted from his wife; got involved in debt, and became insolvent; went off and enlisted in the U. S. service, at Philadelphia, and died. That he was drinking on the day of the execution of the deed of manumission; and had for weeks before been constantly drunk, and then had mania a potu; that before the date of that deed, an execution had been issued against him, and delivered to the sheriff, but not levied; that a levy was afterwards made, but after the date of the deed of manumission; that the woman Clansey and her said son were sold by the sheriff as the property of Jesse Green, jr., and bought by respondent.

*The Court* dismissed the petition on the following grounds: 1st. Because the deed of manumission was not an absolute, but conditional deed; 2d. Because it was made when Jesse Green, jr., was drunk, if not insane; and incapable of doing any rational act; and 3d. That at the time of making this deed, Green was insolvent, and it was made with the intention of defrauding creditors.

The Court distinguished between this case and one of an insolvent man fairly selling property for value. They said that this was not a sale, but a gift of property; and by the principles of the common law, independently of the act of assembly, a man cannot *give away* his property for the purpose of defrauding creditors.

Petition dismissed.

*Houston,* for petitioner.
*Cullen,* for respondent.